UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Chan Jeong | Staci Riordan |

**Proceedings:**      DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 14, filed August 31, 2015)

## I.      INTRODUCTION

On July 24, 2015, plaintiff Minx International, Inc., d/b/a Damask Fabrics ("Minx" or "plaintiff") filed the instant action against defendant Rue 21, Inc. ("Rue 21"), and Does 1-10, inclusive.  Dkt. 1 (Compl.).  On September 9, 2015, plaintiff filed the operative first amended complaint in this action, which no longer asserts claims against Rue 21, and instead asserts claims against defendants Club House Creations, Inc., ("Club House Creations" or "defendant"), and Does 1-10, inclusive.[1]  Dkt. 11 (Compl.).  The FAC asserts claims for copyright infringement and "[v]icarious and/or [c]ontributory [c]opyright [i]nfringement" for defendant Club House Creations's alleged misuse of plaintiff's two-dimensional graphic artwork design.  See id.

On January 19, 2016, defendant Club House Creations filed a motion to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 19 ("Motion").  On February 15, 2016, plaintiff filed an opposition to defendant's motion.  Dkt. 21 ("Opp'n").  On February 22, 2016, defendant filed a reply.  ("Reply").  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.      BACKGROUND

The operative first amended complaint pleads the following facts:

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days after serving the pleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

Plaintiff is the owner and author of a two-dimensional artwork design under title "30327" ("subject design"). FAC ¶ 10; see also id., Ex. A. Plaintiff applied to the United States Copyright Office for a copyright in the subject design and, on November 25, 2013, was granted Registration No. VA 1-885-834. Id. at ¶ 11; see also id., Ex. B. Plaintiff formatted the subject design for use on textiles, sampled the subject design, and negotiated sales of fabric bearing the subject design. Id. at ¶ 12.

Plaintiff alleges on information and belief that defendants had access to the subject design, including without limitation, through: "(a) access to [p]laintiff's showroom and/or design library; (b) access to illegally distributed copies of the [s]ubject [d]esigns by third-party vendors and/or Doe [d]efendants, including without limitation international and/or overseas converters and printing mills; (c) access to [p]laintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the [s]ubject [d]esigns." Id. at ¶ 13.

Plaintiff further alleges on information and belief that defendant Club House Creations, without plaintiff's authorization, "purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the [s]ubject [d]esign." Id. at ¶ 14. Plaintiff attaches examples of the allegedly infringing garments to the FAC. See id., Ex. C. These garments "include but are not limited to garments sold by CHC bearing the label [of non-party] 'Rue 21' under RN 70829 which indicates that the garments were manufactured by or for Rue 21." Id. Plaintiff also alleges that defendant Club House Creations owned and controlled offline and/or online retail stores . . . [where] garments comprised of fabric bearing the Subject Design were being offered for sale . . . ." Id. at ¶ 15.

## III.   LEGAL STANDARD

### A.      Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires that an affirmative pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to ensure that a complaint provides a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In order to meet this standard, a claim for relief must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | **'O'** | |
|---|---|---|---|
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).

### B.      Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

<u>Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom</u> <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

Defendant argues that the operative FAC fails to state a claim for copyright infringment or for "vicarious and/or contributory copyright infringement" for the following reasons: (1) because plaintiff fails to plead ownership of a valid copyright for its alleged work; (2) because plaintiff fails sufficiently to allege that defendant had access to plaintiff's works; (3) because plaintiff fails to plead substantial similarity between the works at issue; (4) because plaintiff's work is not sufficiently original; and (5) because "the works at issue, as a matter of law, are not substantially similar in copyrightable expression."  Motion at 1.  For reasons explained in the discussion that follows, the Court disagrees, and accordingly denies defendant's motion to dismiss.

### A.    Direct Copyright Infringement Claim

The Court first turns to plaintiff's claim for direct infringement.  Although the allegations in the FAC are not detailed, the Court nonetheless finds that the FAC pleads enough facts to state a plausible claim for relief.

#### 1.    Pleading Ownership of a Valid Copyright

A copyright infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  <u>Feist Publ'ns v. Rural Tel. Serv. Co., Inc.</u>, 499 U.S. 340, 361 (1991).  The first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

element—ownership—"breaks down into the following constituent parts: (1) originality in the author; (2) copyrightability of the subject matter; (3) a national point of attachment of the work, such as to permit a claim of copyright; [and] (4) compliance with applicable statutory formalities." 4-13 M. Nimmer & D. Nimmer, Nimmer on Copyright § 13.01 (2015). As to these four elements, "the copyright registration certificate constitutes *prima facie* evidence in favor of the plaintiff." Id. Plaintiff's complaint attaches the relevant copyright registration certificate, which includes the copyright registration number and the effective date of the registration. See Compl., Ex. B. The complaint also includes a detailed and clear image of the two-dimensional artwork design (the "subject design"), listed as work "30327" on the certificate, which purportedly underlies plaintiff's copyright registration. See id., Ex. A. Accordingly, plaintiff has sufficiently pled ownership.

### 2. Pleading Access

Plaintiff alleges, on information and belief, that defendant had access to (1) plaintiff's showroom and/or design library; (2) to "illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills," (3) to plaintiff's strike-offs and samples; and (4) "to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs." FAC at ¶ 13. Plaintiff also alleges that defendant has "purchased, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical" to the subject design. Id. at ¶ 14.

Defendant argues that (1) these allegations are conclusory and therefore insufficient to plead access, and (2) that pleading substantial similarity requires identifying the protectable elements of the subject design as well as the sources of the alleged similarity between the subject design and defendant's work. The Court disagrees. Under Ninth Circuit precedent, even "in the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that the [works] [a]re 'strikingly similar.' " Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000) (citing Smith v. Jackson, 84 F.3d 1213, 1220 (9th Cir. 1996)). Here, a comparison of the subject design and the allegedly infringing design reveals that the two are essentially identical. Compare FAC, Ex. A, with FAC, Ex. C. Such objective similarity is sufficient for purposes of pleading access. See Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1084 (C.D. Cal. 2005) (Morrow, J.) ("Where evidence of access is lacking, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

'striking similarity' between the works may give rise to a permissible inference of copying."); see also Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1249 (11th Cir.1999) ("If the plaintiff cannot show access, the plaintiff may still prevail by demonstrating that the works are so strikingly similar as to preclude the possibility of independent creation").

### 3.    Pleading Substantial Similarity and Sufficient Originality

Defendant argues that the FAC "fails to identify the protectable elements, if any, in the [subject design], and [that] [p]laintiff does not draw even a single comparison between the [subject design] and the [allegedly infringing garment]."  Motion at 8. Defendant accordingly contends that "[p]laintiff wants [defendant] to guess as to what elements [p]laintiff purports to be covered by copyright protection."  Id. at 9.

In determining whether two works are "substantially similar" for the purposes of copyright infringement, the Ninth Circuit "employ[s] a two-part analysis: an objective extrinsic test and a subjective intrinsic test."  Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004). "The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria [and] . . . *requires analytical dissection of a work and expert testimony.*" Id. (internal quotations omitted).  "[T]he subjective question whether works are intrinsically similar"—i..e, the subjective intrinsic test—"must be left to the jury."[2]  In the instant case, defendant's argument regarding substantial similarity misses the mark because plaintiff alleges that defendant has made identical, wholesale copies of the *entirety* of plaintiff's design, with essentially no modifications whatsoever.  Again, a review of the two designs reveals that they appear to be entirely identical and not merely "substantially similar."  Therefore, irrespective of whether the subject design is sufficiently original so as to warrant protection, there is little question that plaintiff has adequately plead substantial similarity of the two designs.

---

[2] The intrinsic test measures "substantial similarity in expression . . . depending upon the response of the ordinary reasonable person."  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1475 (9th Cir. 1992).  Specifically, it "asks whether the ordinary reasonable person would find the total concept and feel of the works to be substantially similar."  Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

Defendant next argues that "[a]rtwork and fabric patterns substantially similar to the [subject design] have been in common use for over a millennium," including by the "Maya, Inca, Aztec, and other civilizations of Mexico, Central America, and South America, as well as publications of modern public domain patterns based on those cultures' designs . . . which are available to clothing designers and retailers around the world." Motion at 10-11. Defendant accordingly contends that plaintiff's claim must fail because the subject design and the infringing design cannot be "substantially similar *as a matter of law*." According to defendant, each of the subject design's elements are unprotectable—i.e., they are either artistic depictions of public domain icons, designs, and shapes, or are stock and common to the medium of fabric patterns. Motion at 9. Defendant asserts that the Court must "filter out and disregard" such unprotected elements in the works before comparing them.

However, as plaintiff notes, "a *combination* of unprotectable elements may qualify for copyright protection." Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003) (emphasis in original). Of course, such a combination "is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." Id. "If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' . . . ." Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 914 (9th Cir. 2010). In such instances of "thin" copyright protection, "a work must be 'virtually identical' to infringe." Id. (citing Satava, 323 F.3d at 812) (glass-in-glass jellyfish sculpture only entitled to thin protection against virtually identical copying due to the narrow range of expression). Thus, in the instant case, *even if* plaintiff's work is at best eligible for "thin" copyright protection—as defendant contends—plaintiff has nonetheless adequately stated a claim for relief, since the two works are in fact "virtually identical," if not wholly identical.

### B.     "Vicarious and/or Contributory Copyright Infringement" Claim

The FAC appears to assert a single claim for "vicarious *and/or* contributory copyright infringement." However, as defendant notes, "[v]icarious infringement is a concept related to, but distinct from, contributory infringement. Whereas contributory infringement is based on tort-law principles of enterprise liability and imputed intent, vicarious infringement's roots lie in the agency principles of respondeat superior." Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 802 (9th Cir. 2007). Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

claims for vicarious copyright infringement and contributory copyright infringement must be asserted as separate, independent claims.

In order to state a claim for vicarious copyright infringement, plaintiff must allege that defendant has "(1) the right and ability to *supervise* the infringing conduct and (2) a *direct financial interest* in the infringing activity." Id. (citation omitted) (emphasis added). With respect to vicarious infringement, the FAC contains very few specific allegations, stating as follows:

> [Defendant is] vicariously liable for the infringement alleged herein because [it] had the right and ability to supervise the infringing conduct and because [it] had a direct financial interest in the infringing product.

FAC at ¶ 26.

In order to state a claim for contributory copyright infringement, plaintiff must allege that the defendant "(1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.' " Perfect 10, 494 F.3d at 795 (citation omitted). With respect to contributory infringement, the FAC similarly contains few allegations, stating as follows:

> [Defendant] knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, distribution and/or sales of product featuring the Subject Design . . . ."

FAC at ¶ 25.

Defendant argues that plaintiff has "fail[ed] to identify who the alleged [d]irect [i]nfringer is, and . . . has not named any defendant other than Club House in its FAC." Motion at 18-19. Accordingly, defendant contends that it "should not be made to guess the identity of the alleged Direct Infringer; moreover, it cannot contribute to its own alleged infringement." Id. at 19.

While the Court agrees that plaintiff's allegations are not detailed, the Court nonetheless finds them sufficient to state a single claim for *contributory* copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. CLUB HOUSE CREATIONS, INC. | | |

infringement (not vicarious copyright infringement).  The FAC alleges that defendant Club House Creations "sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments," including garments "bearing the label 'Rue 21' under RN 70829 which indicates that the garments were manufactured by or for Rue 21."  FAC at ¶ 14.  A review of the exhibits attached to the FAC indicates that Rue 21 appears to be a clothing retailer that sells garments with the subject design.  See FAC Ex. C (including images of Rue 21 garments, garment labels, retail sales tags, and a receipt indicating that allegedly infringing garments were purchased from a Rue 21 retail location).  The Court accordingly finds the allegations in the FAC, coupled with the exhibits attached thereto, are sufficient to place defendant Club House Creations on notice of the substance of plaintiff's claim for contributory copyright infringement.[3]

## V.     CONCLUSION

In accordance with the foregoing, defendant Club House Creation's motion to dismiss is hereby **DENIED**.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] The Court accordingly construes plaintiff's claim for "vicarious and/or contributory copyright infringement" as a single claim for contributory copyright infringement.