**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-05645-CAS (PLAx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. RUE 21 INC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jaenam Coe | Not Present |

**Proceedings:** ORDER STRIKING THE ANSWER FILED BY CLUB HOUSE CREATIONS, INC.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Filed February 24, 2017, Dkt. 49)

On July 24, 2015, plaintiff Minx International, Inc., d/b/a Damask Fabrics ("Minx" or "plaintiff") filed the instant action. Dkt. 1. On June 15, 2016, plaintiff filed the operative Second Amended Complaint alleges copyright infringement by Rue 21, Inc. ("Rue 21"), Club House Creations, Inc. ("Club House"), and Does one through ten, inclusive. Dkt. 36 ("SAC"). On June 23, 2016, Club House filed an answer to the SAC. Dkt. 37. The gravamen of plaintiff's claims is that defendants infringed upon a copyrighted fabric design.

On February 24, 2017, plaintiff filed a partial motion for summary judgment. Dkt. 49. Plaintiff's motion sought summary judgment regarding the issue of infringement by defendants.

Both Club House and Rue 21 were represented by attorneys at Nixon Peabody LLP. In early 2017, Club House and Rue 21's interests became adverse. On March 10, 2017, Nixon Peabody LLP filed an application to withdraw as counsel of record for Rue 21. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-05645-CAS (PLAx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. RUE 21 INC ET AL. | | |

On March 16, 2017, plaintiff filed a notice of partial settlement stating that it had settled its claims against Rue 21. Dkt. 57. On March 22, 2017, plaintiff withdrew the motion for partial summary judgment as to Rue 21. Dkt. 58.

On March 24, 2017, Nixon Peabody LLP filed a request to withdraw as attorney for Club House. Dkt. 59. Also on march 24, 2017, Nixon Peabody LLP filed an opposition to the motion for partial summary judgment on behalf of Club House. Dkt. 60.

On March 27, 2017, the Court held a status conference regarding settlement in this matter. The Court granted Nixon Peabody LLP's request to withdraw as counsel for Club House. The Court further noted:

> Pursuant to **Local Rule 83-2.1.1.3**, it states that "[n]o appearance may be made and no pleadings or other documents may be signed in the name of any professional law corporation . . . except by an attorney admitted to the Bar of or permitted to practice before this Court."
>
> By this order, the Court gives defendant Club House Creations, Inc. Notice that they have thirty (30) days, until April 26, 2017, to obtain counsel. New counsel shall file a Notice of Appearance immediately thereafter. Failure to designate counsel may result in the imposition of monetary and other sanctions.

Dkt. 61 (emphasis in original). On April 5, 2017, the Court also granted Nixon Peabody LLP's application to withdraw as counsel for Rue 21. Dkt. 62.

On April 12, 2017, plaintiff filed a reply in support of its motion for partial summary judgment. Dkt. 63.

On May 8, 2017, the Court held oral argument on plaintiff's pending motion for partial summary judgment. Counsel for plaintiff was present. No one appeared on behalf of Club House, nor has any counsel filed a notice of appearance indicating that Club House has retained counsel as ordered by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-05645-CAS (PLAx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | MINX INTERNATIONAL, INC. V. RUE 21 INC ET AL. | | |

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). "When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it." Rojas v. Hawgs Seafood Bar, Inc., No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009); see also Sec. & Exch. Comm'n v. Neman, No. CV1203142BROPLAX, 2016 WL 6953455, at *2 (C.D. Cal. Apr. 26, 2016) (striking a corporation's answer for failure to retain new counsel after prior counsel withdrew); Myers v. LHR, Inc., 543 F. Supp. 2d 1215, 1217 (S.D. Cal. 2008) (same).

Club House has failed to retain counsel in order to defend this action. It was ordered to do so no later than April 26, 2017. Accordingly, the Court hereby **STRIKES** Club House's answer. The Clerk shall enter a default by Club House forthwith. Plaintiff shall bring any appropriate motion for default judgment against Club House, which has failed to defend this action.

Club House's opposition to the motion for partial summary judgment was filed prior to the withdrawal of Club House's counsel. Plaintiff's motion does not seek a resolution of any claims in their entirety. Furthermore, if the Court ultimately enters default judgment against Club House, plaintiff's motion for partial summary judgment will be rendered moot. Consequently, in order to preserve judicial resources, the Court does not reach plaintiff's pending motion for partial summary judgment. Plaintiff's motion for partial summary judgment is hereby taken under submission.

All previously scheduled dates and hearings in the matter are hereby vacated.

IT IS SO ORDERED.

|  | 00 | 02 |
|---|---|---|
| Initials of Preparer | CMJ | |