UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O' JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Jaenam Coe  Not Present

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Filed June 5, 2017, Dkt. 69)

## I. INTRODUCTION

On July 24, 2015, plaintiff Minx International, Inc., d/b/a/ Damask Fabrics ("Minx" or "plaintiff") filed this action to recover damages for (1) direct copyright infringement, (2) vicarious copyright infringement, and (3) contributory copyright infringement, against defendant Rue 21, Inc. ("Rue 21"), a clothing retailer. Dkt. 1. On September 4, 2015, plaintiff filed a first amended complaint, in which Club House Creations, Inc. ("Club House" or "defendant") was named as a defendant and Rue 21 was not. Dkt. 11.

On June 15, 2016, plaintiff filed the operative second amended complaint, which alleges (1) direct copyright infringement, (2) vicarious copyright infringement, and (3) contributory copyright infringement by both Rue 21 and Club House. Dkt. 36 ("SAC").

On February 24, 2017, plaintiff filed a motion for partial summary judgment, seeking summary judgment regarding the issue of infringement by all defendants. Dkt. 49.

Rue 21 and Club House were both represented by Nixon Peabody LLP. On March 10, 2017, Nixon Peabody LLP filed an application to withdraw as counsel of record for Rue 21. Dkt. 55. On March 16, 2017, plaintiff filed a notice of partial settlement, stating that all claims against Rue 21 had been settled. Dkt. 57. On March 24, 2017, Nixon Peabody LLP filed a request to withdraw counsel for Club House. Dkt. 59. On March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

27, 2017, the Court held a status conference regarding settlement in this matter, at which the Court granted Nixon Peabody LLP's request to withdraw as counsel for Club House. Dkt. 61. The Court further noted that, pursuant to **Local Rule 83-2.1.1.3**, "[n]o appearance may be made and no pleadings or other documents may be signed in the name of any professional law corporation . . . except by an attorney admitted to the Bar of or permitted to practice before this Court." Id. (emphasis in original). The Court gave Club House notice that it had thirty days (until April 26, 2017) to obtain counsel, and that new counsel should file a Notice of Appearance immediately thereafter. Id. On April 5, 2017, the Court also granted Nixon Peabody LLP's application to withdraw as counsel for Rue 21. Dkt. 62.

On May 8, 2017, the Court held oral argument on plaintiff's pending motion for partial summary judgment. No one appeared on behalf of Club House, nor had any counsel filed a notice of appearance indicating Club House had retained counsel as ordered by the Court. Dkt. 64. Accordingly, the Court struck Club House's answer. Id. On May 8, 2017, the Clerk entered a default against Club House. Dkt. 65.

On June 5, 2017, plaintiff filed the instant motion for default judgment against Club House[1]. Dkt. 69 (the "Motion"). Plaintiff seeks profits reaped by defendant as a result of the alleged infringement as well as full costs and attorney's fees.

Having carefully considered plaintiff's briefing and evidence, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff is a California-based company engaged in the apparel industry and is the owner and author of the two-dimensional artwork (the "Subject Design") at issue in this case. SAC at ¶¶ 4, 11 & Ex. A. Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design, and the copyright was registered on November 25, 2013. Id. at ¶ 12 & Ex. B. Plaintiff's business is predicated on the creation, acquisition, and ownership of such designs, which it uses in the production of textiles and

---

[1] As noted above, all of plaintiff's claims against Rue 21 have been settled, and the instant motion was filed against Club House alone. Thus, Club House is referred to as the "defendant" hereinafter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O' JS-6** |
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

garments. Id. at 2. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design, and negotiated sales of fabric bearing the Subject Design. Id. at ¶ 13.

In support of the motion, plaintiff has submitted a declaration by the president of Minx, Gholam Atighehchi. Dkt. 69-2, Declaration of Gholam Atighehchi ("Atighehchi Decl."). Atighehchi claims that "Minx has not granted the named defendants in this case or any other party the license to print or otherwise reproduce any of the Subject Design." Atighehchi Decl. at ¶ 7.

Atighehchi claims that in or around July 2014, plaintiff noticed that Rue 21 was selling garments bearing a design that was similar to the Subject Design. Id. ¶ 15. Plaintiff subsequently purchased three different styles of garments that bore a design that was identical to the Subject Design, from both Rue 21's online store and from a Rue 21 retail store. Id. at ¶ 16.

During discovery, plaintiff obtained invoices that contain records of sales from Club House to Rue 21. Id. at ¶ 20. Plaintiff has attached copies of the invoices to the motion. Dkt. 69-6 ("Ex. 4"). Plaintiff highlights five specific transactions involving three different styles of garment, each bearing the infringing design. Id. The invoices indicate the dates of the transactions in question, the total number of units sold, the total amount that Club House billed Rue 21, and the style and color of the garments sold. Id. Plaintiff has also provided images of the three styles of garment that it purchased from Rue 21, each of which bear Rue 21 tags with style and color codes matching those in the invoices. Dkt. 69-7 ("Ex. 5"). Club House billed Rue 21 $38,151.52 for Rue 21's purchase of the infringing garments. See Ex. 4.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'  JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV.   DISCUSSION

### A.   Application of the Eitel Factors

#### 1.   Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given defendant's failure to retain counsel and to properly appear in this matter, plaintiff would be prejudiced if denied a remedy against defendant. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

#### 2.   Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O' JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

For plaintiff "to establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Rice v. Fox Broad. Co., 330 F.3d 1170, 1174 (9th Cir. Cal. 2003) (quoting Feist Publ'ns, Inc. Rural Tel. Serv. Co., 449 U.S. 340, 361 (1991)). "The latter element may be established by showing that the works in question 'are substantially similar in their protected elements' and that the infringing party 'had access' to the copyrighted work." Id. (quoting Metcalf v. Bochco, 294 F.3d 1069, 1072 (9th. Cir. 2002)). Alternatively, "[w]here the works in question are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." Walker v. Viacom Int'l, Inc., cv-06-4931-SI, 2008 WL 2050964, *7 (N.D. Cal. May 13, 2008) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 52 (2d Cir. 2003)); see also Baxter v. MCA, Inc., 812 F.2d 421, 423, 423 n.2 (9th Cir. 1987). "There is an inverse relationship between access and probative similarity such that the stronger the proof of similarity, the less the proof of access is required." Walker, 2008 WL 2050964 at *7. "In all cases, the task is to apply logic and experience to determine if copying is the only realistic basis for the similarities at hand." Id. (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright*, § 13.02[B] at 13-28.1).

Plaintiff satisfies the first element, as it has demonstrated that it owns a registered copyright in the Subject Design. SAC Ex. B. As to the second element, plaintiff alleges that the infringing design is identical, or substantially similar to the Subject Design. The Court has reviewed the images of the Subject Design and the three styles of garment bearing the infringing design attached to the motion, and finds the designs identical. See SAC Exs. A & C. Thus, plaintiff has satisfied the "striking similarity" requirement, and has successfully stated a claim of copyright infringement. Therefore, the second and third Eitel factors weigh in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O' JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff is seeking to recover damages of $38,151.52 for profits earned by defendant that are attributable to defendant's infringement. Motion at 2. The invoices attached to the motion detail five transactions between defendant and Rue 21, for which defendant billed Rue 21 a total of $38,151.52 for garments bearing the infringing design. Motion at 14 & Ex. 4. The amount of damages plaintiff seeks is consistent with the amount that defendant profited from its use of the infringing design, and thus, the sum of money at stake is reasonably proportionate to the harm caused to plaintiff. Furthermore, the amount plaintiff seeks to recover in this case is relatively small compared to other cases in which courts have granted default judgment. See e.g. Eitel, 782 F.2d at 1472 (in which the Ninth Circuit upheld default judgment against the plaintiff, even though the plaintiff sought to recover almost $3 million in damages). Therefore, the fourth Eitel factor weighs in favor of the entry of default judgment.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. (internal citations omitted). As explained above, plaintiff has adequately pleaded its claim for copyright infringement. Defendant has failed to appear. Thus, the Court accepts the allegations as true. Because plaintiff's factual allegations are presumed true, no factual disputes exist that would preclude the entry of default judgment. As a result, the fifth Eitel factor weighs in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. As mentioned above, on March 27, 2017 the Court instructed defendant to retain new counsel within 30 days, and instructed the new counsel to file a Notice of Appearance immediately thereafter. Dkt. 61. Defendant failed to comply with the Court's order, and the clerk entered a default against defendant on May 11, 2017. Dkt. 55. Since then, defendant has not appeared in this matter. Thus, defendant's default was not the product of excusable neglect, and this factor weighs in favor of the entry of default judgment.

### 6. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). Of course, "this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (internal citation omitted). Federal Rule of Civil Procedure 55(a) allows a court to decide a case before the merits are heard if a defendant fails to defend the suit. Defendant's failure to retain counsel and defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against the defendants.

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the Eitel factors weigh in favor of default judgment, including the merits of the plaintiff's claim for copyright infringement. Therefore, weighing all of the Eitel factors, this Court finds that entry of the default judgment against defendant is appropriate.

### B. Calculation of Damages

Plaintiff seeks $38,151.52 in damages, which amounts to the total gross revenue earned by Club House from its sale of garments bearing the allegedly infringing design to Rue 21. Motion at 14. Under § 504(b) of the Copyright Act, a copyright owner is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O' JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

entitled to recover "any profits from the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). "[I]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Id. "Thus, once liability has been shown, § 504(b) creates an initial presumption that the infringer's 'profits … attributable to the infringement' are equal to its gross revenue." Nexon Am. Inc. v. Kumar, 11-cv-06991-ODW, 2012 WL 1116382 at *3 (C.D. Cal. Apr. 3, 2012) (citing MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc., 622 F.3d 361, 367 (5th Cir.2010) (internal quotations omitted).

As discussed above, the invoices attached to the motion demonstrate that Club House billed Rue 21 $38,151.52 for sale of garments bearing the infringing design. Thus, plaintiff has proven that Club House's gross revenue from its sale of garments bearing the allegedly infringing design to Rue 21 was $38,151.52. Accordingly, the amount of gross revenues are presumed to be equivalent to the infringer's profits and the Court hereby **GRANTS** plaintiff's prayer to recover **$38,151.52** in damages.

    **C.**     **Costs and Attorneys' Fees**

In a suit brought under the Copyright Act, the Court may award costs and reasonable attorney's fees. 17 U.S.C. § 505. In support of the motion, plaintiff's attorney Jaenam Coe has submitted a declaration containing a claim for costs and attorneys' fees. Dkt. 69-1, Declaration of Jaenam Coe ("Coe Decl."). Plaintiff seeks costs and attorneys' fees in the amount of $507.32 and $3,489.06 respectively. Coe Decl. at ¶¶ 3-4.

As the Supreme Court has recognized, "the word 'may' [in Section 505] clearly connote[s] discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994). District courts accordingly "have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). The Ninth Circuit has articulated five nonexclusive factors—the Fogerty factors—to consider in determining whether to grant attorneys' fees to a prevailing party:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O' JS-6

| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
|---|---|---|---|
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

[1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence.

Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994) (citing Fogerty, 510 U.S. at 534 n.19). Ultimately, however, courts may choose not to rely on the Fogerty factors if their application is not "'faithful to the purposes of the Copyright Act.' Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion" in the Ninth Circuit. Berkla v. Corel Corp., 302 F.3d 909, 923 (9th Cir. 2002) (quoting Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996)). Upon consideration of the Fogerty factors, the Court finds that awarding attorneys' fees in the present case is in keeping with the purposes of the Copyright Act.

Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment between $10,000.01 and $50,000, the schedule of attorneys' fees allows $1,200 plus 6% of the amount of damages awarded over $10,000. Id. Accordingly, plaintiff's attorney is entitled to $2,889.09 in attorneys' fees—that is, $1,200 plus $1,689.09 (i.e., 6% of $28,151.52). Plaintiff is also entitled to its full costs of $507.32, which it incurred in litigation costs. Coe Decl. at ¶ 4.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment against Club House with respect to plaintiff's claim for copyright infringement.

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O' JS-6** |
| Case No. | 2:15-cv-05645-CAS(PLAx) | Date | July 10, 2017 |
| Title | MINX INT'L, INC. V. RUE 21 INC. ET AL | | |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that default judgment be entered in favor of plaintiff on its claim for copyright infringement. Defendant shall be liable to plaintiff in the amount of $41,547.93 ($38,151.52 for profits attributable to infringement; $2,889.09 for reasonable attorneys' fees; and $507.32 in litigation costs).

IT IS SO ORDERED.

|  | 00 | 01 |
|---|---|---|
| Initials of Preparer | | CMJ |